**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JAYLEN DALAINO BELL,**

        **Plaintiff,**

      vs.

**HON. JUDGE CARRIE L. WEBSTER,**
***ET AL.,***

        **Defendants.**

                              **CIVIL ACTION NO. 2:25-CV-00134**

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 28, 2025, the Plaintiff, acting *pro se*, filed an ***Application to Proceed Without Prepayment of Fees or Costs*** (ECF No. 1), a "Motion to Proceed in Forma Pauperis" (ECF No. 2), a "Request for Service of Process by U.S. Marshals" (ECF No. 4), as well as his "Complaint for Violation of Civil Rights and RICO Violations" (ECF Nos. 3, 3-1) and assorted attachments in support of same (ECF Nos. 3-2, 3-3). The Plaintiff sues numerous Defendants for violations of his constitutional rights, including right to due process, his rights under the Fifth and Fourteenth Amendments, for abuses of judicial authority and civil rights conspiracy, for prosecutorial misconduct and malicious prosecution, excessive force and denial of medical care pursuant to the Eighth and Fourteenth Amendments, as well as Racketeer Influenced and Corrupt Organizations (RICO) violations pursuant to 18 U.S.C. § 1962.[1]

Following an initial screening of the Plaintiff's case, the undersigned noted the Plaintiff failed to state sufficient facts supporting a claim of relief and by Order entered on March 3, 2025, the undersigned directed the Plaintiff to amend his complaint: to name those persons as defendants

---

[1] Of interest here is that the Plaintiff previously filed a strikingly similar suit with this Court involving the same Defendants that was dismissed. See Case No. 2:25-cv-00132.

and state specific facts as to how each defendant violated his constitutional rights and when, and to state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights. (See ECF No. 6) Additionally, the undersigned warned the Plaintiff that "[f]ailure of the Plaintiff to file a form Complaint no later than **March 24, 2025** will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) (**bold** in original)

The Plaintiff, however, has not responded to the Court's Order, and there is no indication that the Plaintiff did not receive either this Court's Order. Accordingly, the undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and therefore, the Plaintiff's above action should be dismissed.

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); <u>United States ex. rel. Curnin v. Bald Head Island Ltd.</u>, 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;

(ii) the amount of prejudice caused the defendant,

(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

(iv) the existence of a sanction less drastic than dismissal.

<u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. <u>Id</u>. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible for his lack of participation. Since initiating this action on February 28, 2025, the Plaintiff has done

absolutely nothing to demonstrate an interest in prosecuting ***this*** action.[3] The Court notes that there is no indication that forces beyond the Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

With respect to the second and third factors, the record is unclear that the Plaintiff has a history of "deliberately proceeding in a dilatory fashion" beyond the fact that the Plaintiff has filed nothing in *this* action since including any response to either of this Court's Order. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(Johnston, J.)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") As noted supra, this is not the only similar action this Plaintiff has recently filed with this Court, therefore, given the fact the Plaintiff failed to comply with the undersigned's Order to amend, and instead, elected to file several additional lawsuits, the undersigned finds the Plaintiff's failure to act herein is deliberate, and likely intended to harass the numerous Defendants named herein.

Moreover, the named Defendants could be prejudiced due to the Plaintiff's inaction despite having initially brought the Complaint; indeed, this Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits. Thus, the undersigned finds these factors weigh against this Plaintiff.

---

[3] The Plaintiff has filed numerous other civil actions in this Court since the instant matter: See Case Nos. 2:25-cv-00155; 2:25-cv-00196; 2:25-cv-00198. There are other strikingly similar cases filed by this Plaintiff's mother and girlfriend that were filed around the same time: See Case Nos. 2:25-cv-00176; 2:25-cv-00178; 2:25-cv-197.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case (and the numerous related cases the Plaintiff has filed in this Court), however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's application to proceed without prepayment of fees and his status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the Court's Order directing a response by the Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed WITH prejudice[4] unless the Plaintiff is able to show good cause for his failure to prosecute.

In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice unless the Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** *Application to Proceed Without Prepayment of Fees or Costs* (ECF No. 1) and **DISMISS** this action from the Court's docket with prejudice.

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." As noted *supra*, the undersigned recommends dismissal with prejudice because given the fact the Plaintiff elected to file numerous additional lawsuits with this Court instead of amending his complaint as ordered by the stated deadline, this indicates the Plaintiff acted "deliberately" in his failure to prosecute or that the Plaintiff initiated this action in bad faith. See Hanshaw, 2014 WL 4063828, at * 5.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

ENTER: April 9, 2025.



Omar J. Aboulhosn
United States Magistrate Judge